MANSFIELD HANDVILL, Respondent, v. W. HEYWARD DRAYTON, 3D., et al., Appellants, Impleaded with Others.

(Argued February 13, 1930; decided March 18, 1930.)

*Carroll G. Walter* and *Henry A. Uterhart* for appellants. Ruggles was plaintiff's agent as a matter of law, and the courts below erred in not dismissing the complaint upon that ground. (*Bosak* v. *Parrish*, 252 N. Y. 212; *Henken* v. *Schwicker*, 174 N. Y. 298; *Small* v. *Housman*, 208 N. Y. 115; *Carlisle* v. *Norris*, 215 N. Y. 400; *Timpson* v. *Allen*, 149 N. Y. 513.) Ruggles had no authority to accept money as defendants' agent for investment for the benefit of customers in the exercise of his own discretion. (*Bosak* v. *Parrish*, 252 N. Y. 212; *Booth* v. *Litchfield*, 201 N. Y. 466; *Kalina* v. *Gair Co.*, 125 N. Y. Supp. 1040; *Timpson* v. *Allen*, 149 N. Y. 513; *Barber* v. *Ellingwood*, 135 App. Div. 549; *Matter of Ruef*, 180 App. Div. 203; 223 N. Y. 582; *Matter of Case*, 214 N. Y. 199; *People* v. *Scharf*, 217 N. Y. 204.) The plaintiff is not entitled to recover upon the theory of apparent or ostensible authority. (*Edwards* v. *Dooley*, 120 N. Y. 540; Mechem on Agency [2d ed.], §§ 245, 246, 751, 752, 754; *Jacobus* v. *Jamestown Mantel Co.*, 211 N. Y. 154; *Walsh* v. *Hanford Fire Ins. Co.*, 73 N. Y. 5; *Bickford* v. *Menier*, 107 N. Y. 490; *Buskirk* v. *Talcott*, 96 N. Y. Supp. 714; *Burlingame* v. *Ætna Ins. Co.*, 36 App. Div. 358.)

*Branch P. Kerfoot* and *Frederic H. McCoun* for respondent. Ruggles was not, as a matter of law, plaintiff's agent and the court below did not err in refusing to dismiss the complaint upon that ground. (*Henken* v. *Schwicker*, 174 N. Y. 298; *Small* v. *Housman*, 208 N. Y. 115; *Carlisle* v. *Norris*, 215 N. Y. 400.)

O'BRIEN, J. Plaintiff has recovered judgment against members of a partnership of stockbrokers on the theory of conversion by them through an apparent agent. The

complaint alleges that one Ruggles was employed by defendants or, in any event, was held out by them as their agent; that at their request, through Ruggles, plaintiff paid and delivered to them certain moneys and securities for investment purposes, and that, instead of using them for investment, defendants converted them to their own use. The proof is clear that plaintiff delivered money and securities to Ruggles, that he embezzled them and died insolvent.

Late in the year 1922 plaintiff and Ruggles became acquainted. Plaintiff was deeply impressed by Ruggles' personality and ostensible financial wizardry and intrusted him with small sums for speculation which were returned with profit. Ruggles was not a broker but, as a customer, was then trading with brokers other than defendants. Plaintiff directed those brokers to place to the credit of Ruggles a few shares of stocks and some bonds to be used by Ruggles in any way he saw fit. Later, Ruggles transferred his trading operations from those brokers to defendants and opened four separate stock and grain accounts with them in his own name as a customer. He daily frequented defendants' offices and plaintiff often visited him there. On one of these visits, Ruggles confided to him the pretended secret that he had been commissioned to trade in his own name in behalf of some of the members of defendants' firm and suggested that if plaintiff would let him have some money he also could open an account in Ruggles' name and thus participate with people engaged in big business. Plaintiff, replying that his account was to be with defendants, accepted Ruggles' proposal but he never opened an account with and never received statements from them. He continued his custom of delivering securities and money to Ruggles in conformity with his former practice and Ruggles always receipted for them in his own name. Plaintiff admits that he authorized Ruggles in his discretion to buy or sell any stock, that he left the entire

management to him, that he never gave an order to any one in defendants' office except Ruggles and that he never mentioned this account to any one in the office except Ruggles. Defendants' evidence is that Ruggles never had a joint account with any of them, never received a salary or commission, never was employed by them and that they never accepted money or securities for customers' accounts on discretionary orders. None of them ever heard that plaintiff or any one gave money or securities to Ruggles as an alleged representative of their firm, never heard that Ruggles claimed to be an employee or agent and no one ever inquired concerning his employment or agency. Plaintiff relies upon testimony, all of which is denied, that Ruggles occupied a desk reserved exclusively for him in a room referred to as Ruggles' room, made entries in defendants' books, examined accounts not open to inspection except by employees and members of the firm, used a private telephone from which customers were excluded, communicated with a customer for the purpose of notifying her to put up more margin, introduced plaintiff to defendants and to the manager of a branch office as " our " customer, that one of defendants expressed an intention to place Ruggles in charge of their grain trading and that he was their " business getter." One witness testified that one afternoon Ruggles was the last to depart from the branch office and that, as he left, he locked the door.

From conflicting evidence the inference might be drawn that defendants held Ruggles out as one clothed with authority to represent them in some vague manner and to some undefined extent. Actual employment is disproved and no evidence supports the judgment by which defendants are held responsible for acts within an apparent scope of employment. Authority by Ruggles, either real or apparent, to engage in such a special, peculiar and unusual transaction with plaintiff rests

274

upon no foundation in the evidence. Rather, the whole record points to the fact that he was plaintiff's agent. (*Timpson* v. *Allen*, 149 N. Y. 513; *Bosak* v. *Parrish*, 252 N. Y. 212.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgments reversed, etc.